UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN ANTHONY LORENZ,

       Plaintiff,

v.

CASE NO. 2:23-CV-11040
HON. VICTORIA A. ROBERTS

RUSHINEY, et al.,

       Defendants.
_____/

## **OPINION & ORDER OF SUMMARY DISMISSAL**

### I.

This a pro se prisoner civil rights case brought pursuant to 42 U.S.C. § 1983. In his Complaint, Michigan prisoner Ryan Anthony Lorenz ("Plaintiff"), currently confined at the Macomb Correctional Facility in Lenox Township, Michigan, alleges that he was denied dental care for a broken tooth following an assault by a fellow prisoner, that he was improperly held in segregation for (at least) 7 days following the dismissal of prison misconduct charges against him, and that he was exposed to Covid-19 while confined in his housing unit in March, 2023. ECF No. 1, PageID.6-8. He names Sergeants Rushiney, Brown, Saunders, and Inger, Prison Counselor Vann, Corrections Officer/Prisoner Counselor McClean, Corrections Officers Bass, Coleman, Dalton, McNeal, Davis, Sims, and Thowchury, and Registered Nurse Ross

as the defendants in this action. *Id*. at PageID.2-4. He seeks a "declaratory judgment" that his state and federal rights were violated, as well as compensatory and punitive damages. *Id*. at PageID.9. The Court granted Plaintiff leave to proceed without prepayment of the filing fee for this case. 28 U.S.C. § 1915(a)(1). ECF No. 6.

## II.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), a federal court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A federal court is similarly required to sua sponte dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*,

404 U.S. 519, 520-521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While notice pleading does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id*. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under the color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

Additionally, under the PLRA, a prisoner is required to exhaust available

3

administrative remedies before filing a civil rights complaint pursuant to 42 U.S.C. § 1983 in federal court. *See* 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). A prisoner's failure to exhaust administrative remedies is an affirmative defense that is not ordinarily raised by a court sua sponte. *Jones v. Bock*, 549 U.S. 199, 211-215 (2007). If the allegations on the face of a complaint show that relief is barred by an affirmative defense, such as the lack of exhaustion, however, a court may sua sponte dismiss the complaint for failure to state a claim upon which relief may be granted. *Id*. at 215; *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (citing *Jones* and holding that if, on the face of a complaint, the allegations show that relief is barred by an affirmative defense (lack of exhaustion), the complaint is subject to dismissal for failure to state a claim); *Barnett v. Laurel Cty., Ky., et al.*, No. 16-5658, 2017 WL 3402075, *2 (6th Cir. Jan. 30, 2017) (same); *accord Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (ruling that a court can dismiss a case before service for failure to state a claim if the complaint shows that the prisoner failed to exhaust remedies).

III.

In this case, Plaintiff admits that he did not exhaust administrative remedies

4

before instituting this action. He states that he "attempted to exhaust his administrative remedies, but there are no grievances in housing unit-7." ECF No. 1, PageID.8. Such an allegation on the face of the complaint shows that he did not comply with the PLRA's exhaustion requirement. A prisoner's failure to exhaust may be excused if administrative remedies are not reasonably available, but the United States Court of Appeals for Sixth Circuit requires a prisoner to make "affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable." *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 223 (6th Cir. 2011) (internal quotations and citations omitted) (discussing exhaustion under the PLRA). The Sixth Circuit has "consistently analyzed whether [a prisoner's] efforts to exhaust were sufficient under the circumstances, but in each case the prisoner did something." *Id*. at 224. A prisoner's subjective belief that a procedure is ineffective or futile is insufficient to excuse the exhaustion requirement. *Id*. at 222; *Barnett*, 2017 WL 3402075 at *2.

Plaintiff fails to show that he made an affirmative effort to exhaust administrative remedies. Rather, he merely alleges that "there are no grievances in housing unit-7." He does not explain what steps, if any, that he took to obtain any necessary forms, to file a handwritten grievance, or to otherwise exhaust administrative remedies while in housing unit 7 (or in any another unit). Because

Plaintiff fails to allege facts which show that he attempted to follow established administrative procedures, but was denied the opportunity to do so, he fails to demonstrate that exhaustion would be futile. He must fully exhaust, or at attempt to fully exhaust, his administrative remedies before seeking relief in federal court. *Barnett*, 2017 WL 3402075 at *2 (dismissing complaint on exhaustion grounds). Plaintiff's Complaint must therefore be dismissed.

IV.

Accordingly, for the reasons stated, the Court **DISMISSES WITHOUT PREJUDICE** the Civil Rights Complaint for failure to state a claim upon which relief may be granted based upon the failure to exhaust, or adequately attempt to exhaust, administrative remedies. The Court also concludes that an appeal from this decision cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). This case is closed.

**IT IS SO ORDERED**.

s/ Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: June 2, 2023